**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4266**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CRAIG LEWIS SHAW, a/k/a Large,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:14-cr-00181-F-1)

Submitted:  November 17, 2015       Decided:  November 19, 2015

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig Lewis Shaw appeals his convictions, and 87-month concurrent sentences, for possession with intent to distribute 28 grams or more of cocaine base (crack), a quantity of cocaine, and a quantity of marijuana (Count 1), and possession of a firearm by convicted a felon (Count 3). On appeal, counsel for Shaw filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal and acknowledging Shaw's waiver of appellate rights but questioning whether the district court's sentence was substantively reasonable. Shaw has not filed a pro se supplemental brief despite notice of his right to do so. The Government has moved to dismiss the appeal as barred by the appellate waiver included in Shaw's plea agreement.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015). A waiver will preclude an appeal of "a specific issue if . . . the waiver is valid and the issue being appealed is within the scope of the waiver." Id. A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Whether a defendant validly waived his right

2

to appeal is a question of law that we review de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Shaw knowingly and voluntarily waived his right to appeal his conviction and sentence. The sentencing claim raised on appeal clearly falls within the scope of this broad waiver. Therefore, we grant the motion to dismiss and dismiss Shaw's appeal. We have reviewed the entire record in accordance with Anders and have found no meritorious issues for appeal outside the scope of the waiver. We also deny Shaw's motion to relieve his counsel.

This court requires that counsel inform Shaw, in writing, of the right to petition the Supreme Court of the United States for further review. If Shaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shaw.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3